**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PODS ENTERPRISES, INC.

      Plaintiff,

v.                                      Case No.  8:11-cv-00084-VMC-MAP

ABF FREIGHT SYSTEMS, INC.

      Defendant.

_____/

## CASE MANAGEMENT REPORT

      The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

      1.    <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), the following counsel, and in particular Ms. Smith and Mr. Cantine, exchanged e-mails and telephone calls during the period of July 19, 2011 and July 21, 2011:

| <u>Name</u> | Counsel for (if applicable) |
|---|---|
| Charles E. Cantine<br>Stroock & Stroock & Lavan LLP | Plaintiff-Counterdefendant |
| Robert Rocke, Esq.<br>Raul Valles, Jr., Esq.<br>Rocke, McLean & Sbar, P.A. | Plaintiff-Counterdefendant |
| Floyd A. Mandell, Esq.<br>Cathay Y. N. Smith, Esq.<br>Katten Muchin Rosenman LLP | Defendant-Counterclaimant |
| Anne-Leigh Moe, Esq.<br>Bush Ross, P.A. | Defendant-Counterclaimant |

      2.    <u>Initial Disclosures</u>:

          a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery

request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects or the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

 X      agree to exchange such information **on or before:  August 24, 2011**.[2]

\_\_\_     stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____

_____

_____

\_\_\_     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties)

3.     <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following discovery plan:

        a.     <u>Plaintiff's Planned Discovery</u>:  A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort

---

[1]  A party must make its initial disclosures based on the information then reasonable available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. <u>See</u> Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1).  Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. <u>See</u> Fed. R. Civ. P. 26(a)(1).

will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1)    <u>Requests for Admission</u>:

**Plaintiff's requests for admission will be pursued within the discovery period agreed to by the parties.  See 4(d) infra.**

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be presented by motion.  See paragraph 6 below and approved by the court.

      (2)    <u>Written Interrogatories</u>:

**As permitted by Local Rule 3.03(a), unless otherwise agreed.  Plaintiff's interrogatories will be pursued within the discovery period agreed to by the parties.  See 4(d) infra.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request for Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below and approved by the court.

      (3)    <u>Requests for Production or Inspection</u>:

**As permitted by Fed. R. Civ. P. 34, unless otherwise agreed.  Plaintiff's requests for production will be pursued within the discovery period agreed to by the parties. See 4(d) infra.**

      (4)    <u>Oral Depositions</u>:

**As permitted by Local Rule 3.02, unless otherwise agreed.  Plaintiff's depositions will be pursued within the discovery period agreed to by the parties.  See 4(d) infra.  Plaintiff will request leave to take depositions beyond the presumptive limits given the nature of the counterclaims asserted.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|------|------|
|      |      |      |

**Plaintiff anticipates taking various depositions and anticipates a need at present to exceed the limits set forth in the Local Rules of this Court and the Federal Rules of Civil Procedure with respect to time and number.**

     b.   <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Plaintiff shall disclose the identity of their *primary* expert witnesses and disclose accompanying Rule 26(a)(2) reports on or before: June 4, 2012.**

     c.   <u>Supplementation of Disclosures and Responses</u>:   Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**As provided by Fed. R. Civ. P. 26(e), unless otherwise agreed.**

     d.   <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before:  **November 30, 2012.**

4.   <u>Discovery Plan - Defendant</u>:  The parties jointly propose the following discovery plan.

     a.   <u>Defendant's Planned Discovery</u>:   A description of every discovery effort Defendant plans to pursue is described below.   The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

     (1)   <u>Requests for Admission</u>:

**Defendant's requests for admission will be pursued within the discovery period agreed to by the parties.  See 4(d) infra.**

4

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2)     Written Interrogatories:

**As permitted by Local Rule 3.03(a), unless otherwise agreed. Defendant's interrogatories will be pursued within the discovery period agreed to by the parties.  See 4(d) infra.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)     Requests for Production or Inspection:

**As permitted by Fed. R. Civ. P. 34, unless otherwise agreed. Defendant's requests for production will be pursued within the discovery period agreed to by the parties. See 4(d) infra.**

(4)     Oral Depositions:

**As permitted by Local Rule 3.02, unless otherwise agreed. Defendant's depositions will be pursued within the discovery period agreed to by the parties.  See 4(d) infra.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|

**Defendant anticipates taking various depositions. At this time, Defendant does not anticipate a need to exceed the limits set forth in the Local Rules of this Court and the Federal Rules of Civil Procedure with respect to time and number. Nevertheless, Defendant reserves the right to seek leave to exceed this number as discovery progresses.**

b.    <u>Disclosure of Expert Testimony</u>:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Defendant shall disclose the identity of their *primary* expert witnesses and disclose accompanying Rule 26(a)(2) reports on or before: June 4, 2012.**

c.    <u>Supplementation of Disclosures and Responses</u>:  Parties agree that Defendant's supplementation under Fed. R. Div. P. 26(e) will be provided at the following times:

**As provided by Fed. R. Civ. P. 26(e), unless otherwise agreed.**

d.    <u>Completion of Discovery</u>:  Defendant will commence all discovery in time for it to be completed on or before:  **November 30, 2012** .

5.    <u>Joint Discovery Plan - Other Matters</u>:  Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties agree to execute a mutually agreeable confidentiality agreement and/or Protective Order to govern any confidential information disclosed in this proceeding.**

6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>:  Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.  The parties are unable to agree as to the following issues concerning discovery:

**None.**

7.    <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be (Note time limit in Local Rule 4.03.) filed no later than:

6

**Motions for third party claims or to add parties:  August 26, 2011.**

**Dispositive motions:  January 31, 2013.**

**All other motions, including motions in limine, trial briefs:  on or before Pretrial Conference.**

8.    Settlement and Alternative Dispute Resolution.    Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding alternative Dispute Resolution:

The parties are willing to consider participating in a settlement conference with the assistance of a judge or magistrate judge of this Court.  The parties believe that settlement is unlikely without the assistance of a judge or magistrate judge.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
            __yes            _X_no            __likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9.    Consent to Magistrate Judge Jurisdiction:  The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  See 28 U.S.C. § 636.
 __yes            _X_no            __likely to agree in future

10.    Preliminary Pretrial Conference:

Track Three Cases:  Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
        __ request            (check one)
        __do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

11.    Final Pretrial Conference and Trial:  The parties submit they will be ready for a final pretrial conference on or after: **February 15, 2013,** and for trial on or after;  **May 6, 2013**. This **Jury** _X_ **Non-Jury** ____ trial is expected to take approximately:  **10 days.**

12.    Pretrial Disclosures and Final Pretrial Procedures:    Parties acknowledge that they are aware of and will comply with pretrial disclosures

7

requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.     <u>Other Matters</u>:  None.

Date:  July 21, 2011

s/Charles E. Cantine                          
Jonathan B. Sbar, Esq., FBN 131016
Raul Valles, Jr., Esq., FBN 148105
ROCKE McLEAN & SBAR
2309 S. MacDill Avenue
Tampa, FL 33629
Phone: 813-769-5600
Fax:    813-769-5601
Email:  jsbar@rmslegal.com
Email:  rvalles@rmslegal.com
Attorneys for Plaintiff, Pod Enterprises, Inc.

s/Floyd A. Mandell                          
Floyd A. Mandell, Esq.
Cathay Smith, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL  60661-3693
Phone:  312-902-5235
Fax:     312-577-4506
E-mail:  floyd.mandell@kattenlaw.com
E-mail:  cathay.smith@kattenlaw.com
Attorneys for Defendant

NY 73466666v1